IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00462-BNB

JOHN GARCIA,

    Plaintiff,

v.

ARISTEDES ZAVARES [sic],
JIM RASHAD,
CASE MANAGER II RYAN LONG,
CASE MANAGER BROWN,
CASE MANAGER DONNA SIMMS,
JOHN CHAMPDELAINE, Associate Warden,
KEVIN MILYARD, Warden SCF,
PAULA FRANTZ, MD, Chief Medical Officer, CDOC, and
LT M. BOLT,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, John Garcia, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The Court reviewed the documents and determined they were deficient. Therefore, on March 8, 2011, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Garcia to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The March 8 order pointed out that Mr. Garcia either must submit the $350.00 filing fee for a civil rights action or a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The March 8 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement.

The March 8 order warned Mr. Garcia that if he failed to cure the designated deficiencies within thirty days, the complaint and the action would be dismissed without prejudice and without further notice. On March 21, 2011, the Court entered a minute order denying as premature Mr. Garcia's motion for the appointment of counsel (docket no. 6) filed on March 17, 2011, and notifying him that his motion to amend (docket no. 4) submitted on March 16, 2011, would not be addressed until he cured the deficiencies designated in the March 8 order. The March 21 minute order again warned Mr. Garcia that failure to cure the deficiencies designated in the March 8 order would result in the dismissal of the instant lawsuit.

On March 21, 2011, Mr. Garcia submitted an uncertified copy of his trust fund account statement. On March 31, 2011, he submitted another motion to amend the complaint. Mr. Garcia has failed within the time allowed to cure the deficiencies designated in the March 8 order to cure. Therefore, the complaint and the action will be

dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, John Garcia, within the time allowed, to cure the deficiencies designated in the March 8, 2011, order to cure. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __14th__ day of ___April___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00462-BNB

John Garcia
Prisoner No. 134454
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 14, 2011.

                                            GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                Deputy Clerk